1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE MIRANDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ORKIN SERVICES OF CALIFORNIA, INC.; ROLLINS, INC.; ORKIN, LLC; and DOES 1 to 10,<br><br>　　　　Defendants. | Case No. CV12-01580-PSG (JCx)<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT IN BOLD]**<br><br>Complaint Filed: January 19, 2012<br>Removal Date:　February 24, 2012<br>Trial Date:　　　February 16, 2013<br><br>Judge: Hon. Philip S. Gutierrez<br>Magistrate: Hon. Jacqueline Chooljian |

**BASED UPON THE STIPULATION** by and among Plaintiff Valentine Miranda (hereinafter referred to as "Plaintiff") and Defendants Orkin Services of California, Inc., Rollins, Inc., and Orkin, LLC (hereinafter referred to collectively as "Defendants"), through their respective attorneys of record, that a Protective Order be entered by this Court as follows:

## I.    PURPOSES AND LIMITATIONS

The purpose of this Protective Order is to maintain the confidentiality of certain information produced by the parties to each other in this lawsuit, and to set forth a procedure for the parties to designate confidential information as such.  The parties recognize that there are various legitimate reasons for maintaining the confidentiality of certain information, including that the information is proprietary or that it implicates the privacy interests of third parties.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that the protection the Order affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Paragraph **IV**, that the Stipulated Order does not entitle them to file confidential information under seal; and that Civil Local Rule 79-5 [] set**s** forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.   PROCEDURE FOR DESIGNATING INFORMATION AS CONFIDENTIAL

(a)    With respect to written discovery, including documents or interrogatory responses, any party may designate information as "Confidential" so long as there is "good cause" to do so, as the term "good cause" is used in Fed. R. Civ. P. 26(c)(1).

     (b)    With respect to deposition testimony, any party may designate any portion of a transcript as "Confidential" or "Confidential/For Attorney's Eyes Only" so long as there is "good cause" to do so, as the term "good cause" is used in Fed. R. Civ. P. 26(c)(1).  Any party wishing to designate deposition testimony as "Confidential" or "Confidential/For Attorney's Eyes Only" (hereinafter "confidential designation") shall do so by notifying all parties in writing of the specific page and line numbers of the transcript to be so designated within 20 calendar days after the date of the transmittal letter from the court reporter.

     (c)    The parties agree to adhere to the applicable Ninth Circuit and Central District standards for designating information as confidential.  Consistent with these standards, the party designating information as "Confidential" or "Confidential/For Attorney's Eyes Only" (the "Designating Party") shall accompany all such designations with a written explanation, for each document or information it seeks to protect, of the specific prejudice or harm that will result from the disclosure of those particular documents or information, as set forth in <u>Foltz v. State Farm Mut. Auto. Ins. Co.,</u> 331 F.3d 1122, 1130-31 (9th Cir. 2003).  All parties agree to use good faith in designating information as "Confidential" or "Confidential/For Attorney's Eyes Only."  The parties reserve the right to seek sanctions against any party that fails to establish "good cause" in designating information as confidential.

     (d)    If a party objects to the designation of material as "Confidential" or "Confidential/For Attorney's Eyes Only" (the "Objecting Party"), the Objecting Party shall notify the Designating Party within 30 calendar days of receiving notification of the confidential designation.  The parties shall meet and confer in good faith to attempt to resolve any disputes regarding the confidential designation.

     (e)    If the parties are unable to resolve their disagreement, the Objecting Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Until the dispute is resolved, the designated material in question shall continue to be treated as confidential subject to

the terms of this Protective Order.  If the Objecting Party does not contact the Court (whether by motion or by some other procedure required or requested by the Court), within 20 days of delivering the initial written meet and confer communication, the material in question will remain confidential subject to the terms of this Protective Order.

    (f)    The protections conferred by this Stipulation and Order cover not only the material designated as "Confidential" or "Confidential/For Attorney's Eyes Only" ("Protected Material"), but also (1) any information copied or extracted from the Protected Material; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony or presentation by Parties or their Counsel in a public forum that reveals the Protected Material.  However, the protections conferred by this Stipulation and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of the Protected Material at trial shall be governed by a separate agreement or order, as discussed in Paragraph VI.

## III.    <u>LIMITATIONS ON DISCLOSURE OF THE PROTECTED MATERIAL</u>

    (a)    The Protected Material shall not be disclosed by anyone receiving such information to anyone other than those persons designated herein.  In no event shall Protected Material be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

    (b)    The Protected Material shall not be disclosed by any person who has received such information in the course of this litigation to any other person, except to:

        (i)    The parties, except where so designated as "Attorney's Eyes Only";

        (ii)    Attorneys of record for the parties and their firms' associates, clerks and other employees involved in the conduct of this litigation, and any court reporters, videographers, interpreters, process servers attempting to serve subpoenas on behalf of any of the Parties in connection with this litigation engaged to assist the parties in discovery;

        (iii)    Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and those experts' respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

        (iv)    The Court, its officers, Court reporters and similar personnel, provided further that the Protected Material, and/or portions thereof, lodged with the Court under seal is subject to further evaluation by the Court;

        (v)    Any person as to whom it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Protected Material, and/or portions thereof, prior to the intended disclosure in this action;

        (vi)    Any other potential witnesses whose testimony may be used in connection with the present case who has complied with Paragraph III(c) immediately below; and

        (vii)    Any governmental entity or agent thereof.

    (c)    **No** person described in Paragraphs III(b)(iii) and (vi) **shall be provided with or** shown the Protected Material, **unless prior to such dissemination/ disclosure** such person **is** given a copy of this Protective Order and **[]** agree**[s]** in

1 writing, in the form of the Acknowledgment and Agreement to be Bound attached
2 hereto as Exhibit A, to be bound by the terms hereof.  The original of each such
3 Acknowledgment and Agreement to be Bound shall be maintained by counsel and, if
4 a witness appears at deposition or at trial and represents that he or she previously
5 executed an Acknowledgment, it shall be produced for inspection by opposing
6 counsel upon request.  Any counsel may require the other counsel to provide a copy
7 of the Acknowledgment and Agreement to be Bound signed by a witness at a
8 deposition before the witness is deposed with regard to any of the Protected Material.
9      (d)    Nothing in this Protective Order shall be construed to require execution
10 of the written Acknowledgment and Agreement to be Bound referred to in
11 Paragraph III(c) above, or to prevent disclosure the Protected Material, by the party
12 producing the Protected Material, or by any employee of such party.
13      (e)    The substance or content the Protected Material, as well as all notes and
14 memoranda relating thereto, shall not be disclosed to anyone other than as set forth
15 in Paragraphs III(b)(i)-**(vii)** above.
16
17 **IV.**    <u>**FILING DOCUMENTS UNDER SEAL**</u>
18      (a)    If a Party wishes to submit any of the Protected Material to the Court,
19 the submitting Party shall notify the Designating Party of the exact material which
20 the Party intends to submit to the Court at least two (2) business days prior to the
21 date on which the Party intends to make the submission, so as to provide the
22 Designating Party sufficient time to determine whether it needs to bring a motion **for**
23 **an** order**[]** that the materials be filed under seal.  Any such motion must comply with
24 the procedures set forth in Local Rule 79-5 and must also comply with Federal Rule
25 of Civil Procedure 26(c)(1).  The written application and proposed order shall be
26 presented to the judge along with the document intended to be submitted for filing
27 under seal.  The original and judge's copy of the document shall be sealed in
28 separate envelopes with a copy of the title page attached to the front of each

1  envelope.  If only a portion of the document is sealable, then both the copy lodged
2  with the Clerk and the judge's copy shall have the sealable portions identified by
3  notation or highlighting of the text.

4      The Application and Order to Seal, along with the material to be placed under
5  seal, shall not be electronically filed but shall be filed manually in the manner
6  prescribed by Local Rule 79-5.  A Notice of Manual Filing shall also be
7  electronically filed, identifying all materials being manually filed.

8      (b)   Any party requesting that a record be filed under seal must comply with
9  Local Rule 79-5.  The Parties agree and recognize that the Protected Material or any
10 paper containing the Protected Material cannot be filed under seal based solely upon
11 this stipulated Protective Order.

12

13 **V.    SURVIVAL OF ORDER - RETURN OF DOCUMENTS**

14     (a)   The provisions of this Order shall continue in effect until otherwise
15 ordered by the Court, or after notice and an opportunity to be heard is afforded to the
16 parties to this action.  The final determination or settlement of this action shall not
17 relieve any person who has received any of the Protected Material, and/or portions
18 thereof, or agreed to be bound by the terms of this Protective Order of his, her, or its
19 obligations under this stipulation and Order.  The Court shall retain jurisdiction after
20 such final determination or settlement to enforce the provisions of this Order.  Upon
21 completion of the litigation, all documents (including copies of documents)
22 containing the Protected Material, and/or portions thereof, shall be destroyed or
23 returned to counsel for the producing party, except that (a) documents on which any
24 person has made notations may be destroyed and not returned, **[]** (b) the parties'
25 respective attorneys of record may retain one copy of each such document for use in
26 connection with any disputes which may arise under the Court's retention of
27 jurisdiction as provided for herein**, and (c) documents in the possession of the**
28 **Court and its personnel (including the Clerk's Office) shall be retained in**

**accordance with governing document retention policies absent further order of the Court.** Within sixty days (60) of the conclusion of this litigation, the attorneys for the receiving party shall provide the attorneys for the producing party with written confirmation that such return or destruction was accomplished.

(b) Except as provided in Paragraph IV or this paragraph hereof, documents or things containing the Protected Material, and/or portions thereof, shall at all times be in the physical possession of those persons qualifying under Paragraph III hereunder, or kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

## VI. USE OF DOCUMENTS AT TRIAL

This Stipulation and Protective Order, except as provided in Paragraph **IV**, shall not apply to the use of the Protected Material, or any portions thereof, at any evidentiary hearing or trial in this action. The parties hereby reserve their rights to use, or seek to limit the disclosure of, the Protected Material, or any portions thereof, at any such hearing or trial.

## VII. USE OF THE PROTECTED MATERIAL BY DEFENDANTS

Nothing in this Protective Order shall limit the use by Defendants of the material that they themselves produce in the course of this litigation for legitimate business purposes unrelated to this litigation.

## VIII. USE OF PLAINTIFFS' PROTECTED MATERIAL BY PLAINTIFFS AND/OR THEIR ATTORNEYS

Nothing in this Protective Order shall limit the use of any Plaintiff's confidential information by Plaintiff or his attorneys of record, whether such information is being used in the course of litigation or otherwise.

IX. **APPLICATIONS TO COURT**

(a) This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available.

(b) Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c) Any persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not limited to issuing an injunction, if the circumstances warrant such relief.  In addition to injunctive relief, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

(d) If any deponent **[] to whom dissemination/disclosure is contemplated declines to** execute the written Acknowledgment and Agreement to be Bound described in Paragraph III(c) **[]**, the parties may complete the deposition on other matters and/or adjourn it and**, subject to any applicable deadlines set by the Court,** move the Court for any appropriate relief. **[].**

X. **AGREEMENT TO COOPERATE**

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement to be Bound described in Paragraph III(c) above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms).  An attorney's request to sign such Acknowledgment pursuant to this Paragraph shall not be construed to constitute legal advice to the deponent, but

MirandaJCProtOrd.doc

8    Case No. CV12-01580-PSG (JCx)_

ORDER RE: STIPULATED PROTECTIVE ORDER

1  shall and may be stated to be simply a request to facilitate discovery in this action.

2  **XI.    DISCLOSURE IN VIOLATION OF ORDER**

3       If any of the Protected Material, and/or portions thereof, are disclosed to any
4  person other than in the manner authorized by this Protective Order, the party
5  responsible for the disclosure must immediately, in writing, notify the opposing party
6  and the Designating Party of such disclosure, and without prejudice to the rights and
7  remedies of the Designating Party, make every effort to prevent further unauthorized
8  disclosure.

10 **XII.   MODIFICATION - FURTHER AGREEMENTS**

11      Nothing contained herein shall preclude any party from seeking from a Court
12 modification of this Stipulated Protective Order upon proper notice, nor shall
13 anything contained herein be construed as to preclude the parties from entering into
14 other written agreements designed to protect the Protected Material.

16 **XIII. COUNTERPARTS**

17      This Stipulation for Protective Order may be executed in counterparts, each of
18 which shall be deemed an original and which together shall constitute one
19 instrument.

21      **IT IS SO ORDERED.**

23 DATED:  August 10, 2012                    /s/
24                                   HON. JACQUELINE CHOOLJIAN
                                     UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on **August 10, 2012** in the case of **Miranda v. Orkin Services of California, Inc., et al., No. 12-01580-PSG(JCx).** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

_____ [City] and _____[State] where sworn and signed:

Printed name: _____
       [printed name]

Signature:  _____
       [signature]